UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PIT ROW INC., et al.,

        Plaintiffs,

      v.                                          Case No. 20-C-738

COSTCO WHOLESALE CORPORATION,

        Defendant.

## DECISION AND ORDER

Plaintiffs, fifteen corporate entities that own and operate retail gas stations located in Green Bay, Wisconsin, brought this action in Brown County Circuit Court against Defendant Costco Wholesale Corporation, alleging Costco violated the Wisconsin Unfair Sales Act, Wis. Stat. § 100.30 by selling regular unleaded motor vehicle fuel below the cost to the retailer. Costco removed the case to this court asserting federal diversity jurisdiction and alleging that the parties are citizens of different states and that the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332. The case is before the court on Costco's motion to compel. For the following reasons, the motion will be granted.

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel. The Rule provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Rule 26, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information sought need not

itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Costco seeks to compel Plaintiffs' production of their gasoline pricing and sales volume data for 2017 and 2018. Plaintiffs do not assert that the requests are unduly burdensome or overly broad; instead, their objection is to the relevance of the information requested. Plaintiffs argue that, because they are only seeking statutory damages under Wis. Stat. § 100.30 for a threatened injury, they do not need to prove actual injury or damages through their pricing and sales data. Section 100.30(5m) of the Unfair Sales Act provides:

> Any person who is injured or threatened with injury as a result of a sale or purchase of motor vehicle fuel in violation of sub. (3) may bring an action against the person who violated sub. (3) for temporary or permanent injunctive relief or an action against the person for 3 times the amount of any monetary loss sustained or an amount equal to $2,000, whichever is greater, multiplied by each day of continued violation, together with costs, including accounting fees and reasonable attorney fees, notwithstanding s. 814.04(1). An action under this subsection may not be brought after 180 days after the date of a violation of sub. (3).

Wis. Stat. § 100.30(5m).

Plaintiffs argue that it is clear from the plain language of the statute that they need not prove actual losses in order to recover statutory damages of $2,000 per day. The statute authorizes "any person" who is either injured **or** threatened with injury to bring an action for injunctive relief **or** for the greater of 3 times the amount of any monetary loss sustained or $2,000. Since statutory damages in the amount of $2,000 per day for each day of the violation is the remedy they are seeking, Plaintiffs contend that their pricing and sales data are irrelevant to their claims and any defense Costco may assert.

Costco, on the other hand, contends that the language and legislative history make clear that, absent actual loss, Plaintiffs are entitled at most to injunctive relief, along with the accounting and attorney fees and costs. Costco argues that it is patently unreasonable to read the statute so as

2

to allow Plaintiffs a windfall recovery of $2,000 per day absent a showing of actual loss. Reading the statute so as to allow each Plaintiff such a windfall just because it sells gas is absurd, Costco contends, and would effectively read the alternative remedy of injunctive relief out of the statute since no well-run business would seek an injunction stopping the very activity that entitled it to such a windfall.

Costco's argument that Plaintiffs' interpretation of the law can lead to unreasonable and unfair results is not without merit. But it does not change the language of the statute the Wisconsin legislature enacted. The legislature apparently intended to prohibit gas stations from what it believed to be unfair pricing of gasoline and chose to arm competitors with a large club in order to accomplish that goal. Costco is right that an award of $2,000 per day, plus attorneys' fees and costs, seems unreasonable where no loss is shown. It also seems unreasonable where the loss is as little as a dollar a day. Yet, it is undeniable that even under Costco's interpretation of the statute, a loss of only a dollar a day would entitle a competing gas station to $2,000 per day. The statute's obvious intent is to deter unfair pricing, and the way deterrence operates is by increasing the costs of the conduct one is seeking to deter to a level at which no one would reasonably choose to engage in it. One may question the wisdom and justice of forcing a business to pay a competitor such a penalty, together with actual attorneys' fees and costs, absent any showing of loss to the competitor, but that is what the Wisconsin legislature appears to have done. At least that is the plain meaning of its statute, and it is not for the court to undo the legislature's policy judgment, even if that policy judgment is, in the judge's view, flawed.

It follows that Plaintiffs need not show actual loss as a condition of seeking statutory damages of $2,000 per day. But that does not mean that Plaintiffs' gasoline pricing and sales volume data is irrelevant. Costco argues that the pricing and sales data is relevant to whether

3

Case 1:20-cv-00738-WCG   Filed 12/04/20   Page 3 of 5   Document 35

Plaintiffs were threatened with injury and to rebut the presumption of injurious intent or effect. Costco asserts that it is unwilling to rely on Plaintiffs' conclusory assertion that they have been threatened with injury and that its experts must be permitted to examine the data to determine whether Costco caused or threatened Plaintiffs with injury. Costco's argument is persuasive.

The court is bound to interpret relevance broadly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). The evidence Costco seeks is relevant to the issue whether Plaintiffs are persons "threatened with injury." § 100.30(5m). Plaintiffs argue that the mere fact that Costco sold gas at less than cost is enough to show that they are persons "threatened with injury." Thus, they contend proof of a violation is per se proof that they were threatened with injury. In support of their argument, Plaintiffs cite § 100.30(3), which states in part: "Evidence of any sale of any item of merchandise by any retailer, wholesaler, wholesaler of motor vehicle fuel or refiner at less than cost as defined in this section shall be prima facie evidence of intent or effect to induce the purchase of other merchandise, or to unfairly divert trade from a competitor, or to otherwise injure a competitor."

The fact that proof of a violation is considered "prima facie evidence of intent or effect . . . to injure a competitor," however, does not mean that evidence to the contrary is irrelevant. Prima facie evidence is not the same as conclusive evidence, and even if such evidence raises a presumption that Plaintiffs were threatened with injury, nothing in the statute suggests such a presumption would not be rebuttable. If, in fact, Plaintiff suffered no injury as a result of Costco's alleged violations, or if, instead, Plaintiffs' sales actually increased, Costco may be in a position to argue that Plaintiffs were not persons "threatened with injury," in which case they would be entitled to nothing at all. The issue may also be relevant to the question of standing, given that Plaintiffs have not alleged that they suffered any injury and only seek statutory damages. *See*

4

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  Because the pricing and sales data may be relevant to rebut Plaintiffs' claims and develop Defendant's defense, the court grants Defendant's motion to compel the production of documents regarding Plaintiffs' gasoline pricing and sales volume data.

**IT IS THEREFORE ORDERED** that Defendant's motion to compel (Dkt. No. 18) is **GRANTED**.

Dated at Green Bay, Wisconsin this 4th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
