UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

PIT ROW, INC., et al.,

        Plaintiffs,

Case No. 2020-CV-0738

v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

**COSTCO'S RESPONSE TO
PLAINTIFFS' MOTION FOR A STAY OF THE IMPOSITION OF COSTS**

Costco Wholesale Corporation ("Costco"), through its attorneys, Godfrey & Kahn, S.C., files this statement in response to the Plaintiffs' Response to and Motion for Stay Against Imposition of Costs Pending Appeal. (Dkt. No. 135.)

Costco has no objection to a stay of *execution* on any efforts to *collect* the sums owed on the bill of costs, though the judgment for costs should be entered at this juncture so that these proceedings do not need to be reopened upon confirmation of this Court's summary judgment decision.

Since Plaintiffs have not objected to the amount of the costs that have been requested by Costco, the judgment for costs should be entered now, subject to an order for a stay of execution pursuant to Costco's agreement to refrain from making any efforts to collect on the judgment unless and until this Court's summary judgment decision is affirmed on appeal, the plaintiffs have exhausted their appellate options or those appellate options have expired, or in the unlikely event that this Court's decision should be reversed and remanded for further proceedings.

In the unlikely event of a reversal, of course, the entire judgment would be vacated (*including* the portion of the judgment awarding costs to Costco). This approach is the most

efficient and appropriate means, in Costco's view, of providing the Plaintiffs with the relief they seek.

However, Costco does not agree that there is any uncertainty about the joint and several liability of the Plaintiffs for the total amount of the judgment for costs. *Anderson v. Griffin*, 397 F.3d 515, 522–23 (7th Cir. 2005) (collecting cases that recognize "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs"). Because each of the Plaintiffs asserted the same claims against Costco generating the statutory costs at issue, no particular Plaintiff bears responsibility for a disproportionate share of the costs.

Nor is there uncertainty about the right of a judgment creditor to pursue collection of a judgment against any one or more of the jointly and severally liable judgment debtors as the judgment creditor finds convenient. *Id*. at 523 (explaining that the prevailing party is "free to pick and choose and if he wants collect the total entitlement from one of several liable persons").

However, because Costco has no concerns about its ability to collect on the judgment for costs, Costco has no objection to deferring its collection of those costs, nor is Costco asking this Court to require the posting of a bond by the Plaintiffs.

For each of the foregoing reasons, Costco is willing to stipulate the entry of an order staying the collection of judgment for costs, but requests that the judgment itself be entered at this juncture, consistent with Federal Rule of Civil Procedure 54.

Dated this 2nd day of May, 2023.

                              By: s/David R. Konkel
Paul F. Heaton
State Bar No. 1000858
David R. Konkel
State Bar No. 1097244
Emma J. Jewell
State Bar No. 1104663
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: pheaton@gklaw.com
dkonkel@gklaw.com
ejewell@gklaw.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

29249597.2